**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DELVIN LAMAR GOLDEN,** | ) |
| | ) |
|        **Petitioner,** | ) |
| | ) |
| vs. | )   Case No. 06-CV-244-TCK-FHM |
| | ) |
| **JUSTIN JONES, Director,** | ) |
| | ) |
|        **Respondent.** | ) |

**OPINION AND ORDER**

This is a proceeding on Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). Petitioner is in custody of the Oklahoma Department of Corrections and appears in this matter *pro se*. Respondent filed a response to the petition (Dkt. # 10), and provided the state court records (Dkt. # 12) necessary for resolution of Petitioner's claims. Petitioner filed a reply (Dkt. # 13). For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

On September 25, 2002, Petitioner Delvin Lamar Golden ("Petitioner" or "Golden") and two accomplices, Charles Turner and Christopher Dickens, robbed a McDonald's restaurant in Tulsa, Oklahoma. Charles Turner used a firearm during the robbery. The police were alerted as the robbery was in progress and several officers responded. Golden ran from the McDonald's heading south. He was apprehended a few blocks from the restaurant, hiding under a boat trailer. Police also recovered a loaded handgun on the curb of a parking lot located between the restaurant and the site of Petitioner's apprehension. Turner and Dickens left the store heading east into an open field. One of the police officers ordered the two fleeing suspects to stop and released his K-9 into the field, but they continued to run. As the K-9 closed in on the pair, Turner fired shots from his weapon. One of

the shots struck the K-9 in the paw. Officers returned fire, striking and killing Turner. As the shooting began, Dickens dropped to the ground, and he was apprehended after the shooting. See Dickens v. State, 106 P.3d 599, 600 (Okla. Crim. App. 2005).

As a result of those events, Petitioner and his surviving accomplice, Christopher Dickens, were charged with Robbery with a Firearm (Count I), and First Degree (felony) Murder (Count II) in Tulsa County District Court Case No. CF-2002-4981. Petitioner and Dickens were tried separately. A jury convicted Petitioner on both counts, and recommended five (5) years imprisonment on Count I and life imprisonment on Count II. At sentencing, the trial judge dismissed Count I and sentenced Petitioner to life imprisonment on Count II.[1] Petitioner was represented during trial proceedings by attorney Richard Ravits.

Petitioner, represented by attorney Kevin D. Adams, appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"), raising the following propositions of error:

Proposition 1: The trial court committed error by failing to sustain Appellant's demur at the end of the State's case.

Proposition 2: Under the unique facts of the present case, the defendant cannot be held criminally liable for the death of the decedent because his actions were not the cause of the decedent's death.

Proposition 3: The court committed plain error by improperly modifying the OUJI and failing to give the appropriate OUJI.

---

[1] Dickens was also convicted on both counts. His jury recommended fifteen (15) years imprisonment on Count I and life imprisonment on Count II. At sentencing, the trial judge dismissed Count I and sentenced Dickens to life imprisonment on Count II. Also, the Court takes judicial notice that Dickens' petition for writ of habeas corpus, filed in N.D. Okla. Case No. 06-CV-065-CVE, has been denied. The Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed Dickens' appeal. Dickens v. Franklin, 2009 WL 2562721 (10th Cir. Aug. 20, 2009) (unpublished).

>    Proposition 4: Appellant's conviction should be reversed because he was provided ineffective assistance of trial counsel.
>
>    Proposition 5: To hold Appellant criminally liable for felony murder under these unique circumstances violates Appellant's constitutional right to due process.

See Dkt. # 10, Ex. 1. In an unpublished summary opinion, filed February 7, 2005, in Case No. F-2003-1202, the OCCA affirmed Petitioner's conviction. See Dkt. # 10, Ex. 3. Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court. He did not pursue post-conviction relief in the Oklahoma courts.

On May 4, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He identifies five (5) claims, corresponding to the claims raised on direct appeal in state court. In response to the petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 10.

## *ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that, with the exception of two (2) instances of ineffective assistance of counsel, as discussed in Part B(4) below, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied because Petitioner's claims were raised on direct appeal. Petitioner's unexhausted claims of ineffective assistance of counsel shall be denied on the merits. 28 U.S.C. § 2254(b)(2).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA on direct appeal**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). In this case, with the exception of two (2) instances of ineffective assistance of counsel, Petitioner's grounds were presented in state direct appeal proceedings where they were adjudicated on the merits by the OCCA. Therefore, the § 2254(d) standard applies to this Court's analysis of those claims.

**1.  Insufficient evidence (ground 1)**

In his first ground of error, Petitioner argues that the trial court erred in failing to sustain his demurrer because there was insufficient evidence to support a guilty verdict for first degree felony murder. The OCCA rejected the claim, citing Spuehler v. State, 709 P.2d 202 (Okla. Crim. App.

4

1985), and finding that "the facts support a conclusion that Appellant was actively involved in the commission of the crime of robbery with a dangerous weapon." See Dkt. # 10, Ex. 3. Because the OCCA adjudicated this claim on the merits, Petitioner is entitled to federal habeas relief only if he can establish that the OCCA's decision was contrary to or involved an unreasonable application of Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254 (d)(1)(2).

The appropriate standard of review for sufficiency of evidence claims is "whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the [petitioner guilty] beyond a reasonable doubt.'" Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Id. The Tenth Circuit has not yet decided whether sufficiency of evidence claims brought under AEDPA should be treated as issues of fact or law. Moore v. Gibson, 195 F.3d 1152, 1176-77 (10th Cir. 1999); see also Dockins, 374 F.3d at 939; Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). If treated as a legal question, this Court must determine whether the OCCA's rejection of the claim was contrary to or an unreasonable application of Jackson. If treated as a factual question, the Court must ask whether the OCCA's ruling represents an unreasonable determination of the facts. However, Petitioner's sufficiency of the evidence claim lacks merit under either analysis.

Petitioner argues that the State failed to introduce any evidence during the trial that he directly participated in the robbery or aided and abetted in the commission of the robbery. As a result, he contends that he cannot be guilty of felony murder. The Court disagrees with Petitioner's

assessment of the evidence. The jury heard the testimony of Rita Keller, the manager of the McDonald's at the time of the robbery. Ms. Keller identified Petitioner as the man wearing a gray hooded sweatshirt who entered the restaurant with another man just prior to closing, went to the restroom, and then came to the counter just prior to the robbery. See Dkt. # 12, Tr. Trans. at 239. When she asked if he was ready to order, Petitioner indicated he was "waiting on his cousins," one of whom was Charles Turner who had entered the restaurant's restroom with Petitioner. Id. Ms. Keller also testified that during the course of the robbery, Petitioner walked behind the counter and looked back into the office and grill areas where Turner and Dickens were removing money from the safe while holding Ms. Keller at gunpoint. Id. at 249-51. Significantly, the State also presented as State's Exhibits 26-30 the surveillance video obtained from the restaurant. That video has been provided to the Court as part of this habeas proceeding. The Court has reviewed the video and finds that it clearly shows Petitioner at the counter of the restaurant just before and while his accomplice Charles Turner jumps over the counter to begin the robbery. It also shows Petitioner walking behind the counter during the robbery, at one point with Dickens, and looking back toward the office area while Turner and Dickens were taking money from the safe and from the drive-through cash drawer. Petitioner's role in the robbery appeared to be that of the lookout. Petitioner also fled the scene of the robbery and attempted to avoid apprehension by hiding under a boat. See Dkt. # 12, Tr. Trans. at 312-15. All of that evidence demonstrates Petitioner's direct involvement in the crime of Robbery With a Dangerous Weapon. Accordingly, the OCCA's rejection of the ground one claim does not present an unreasonable determination of the facts.

When applying the Supreme Court's sufficiency standard established in Jackson, the Court looks to Oklahoma law to determine the substantive elements of the crime of first degree felony

murder. Spears v. Mullin, 343 F.3d 1215, 1238 (10th Cir. 2003); Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997). In this case, the Court has reviewed both Oklahoma case law and statutory law. Petitioner's first degree felony murder conviction was based upon a violation of Okla. Stat. tit. 21, § 701.7(B) (2001), which reads in pertinent part:

> A person commits the crime of murder in the first degree, regardless of malice, when that person or any other person takes the life of a human being during, or if the death of a human being results from, the commission or attempted commission of . . . robbery with a dangerous weapon. . . .

See Okla. Stat. tit. 21, § 701.7(B) (2001). As to the felony murder charge, Petitioner's jury was instructed as follows:

> No person may be convicted of murder in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: First, the death of a human; Second, the death occurred as a result of an act or event which happened in the commission of robbery with a dangerous weapon; Third, the defendant was in the commission of a robbery with a dangerous weapon from which the death resulted; Fourth, the elements of the robbery with a dangerous weapon the defendant is alleged to have been in the commission of are as follows: First, wrongful; Second, taking; Third, carrying away; Fourth, personal property; Fifth, of another; Sixth, from the person or the immediate presence of another; Seventh, by force or fear; Eighth, through use of a loaded/unloaded firearm.

See Dkt. # 12, O.R. at 381, Instruction No. 21. In accordance with Oklahoma law, Petitioner's jury was also instructed regarding the meaning of "commission of robbery" as follows:

> A person is in the commission of robbery with a dangerous weapon when he is performing an act which is necessary in order to complete the course of conduct constituting or fleeing from the immediate scene of a robbery with a dangerous weapon.

See Dkt. # 12, O.R. at 379, Instruction 19. Petitioner challenges the application of Oklahoma's felony murder law to the facts of his case.

On direct appeal, the OCCA did not agree with Petitioner that he could not be guilty of felony murder because he had not actively participated in the underlying crime of Robbery With a

7

Dangerous Weapon. As discussed above, the surveillance video leaves no room to question Petitioner's involvement in the robbery. Likewise, there is no question that he fled from the immediate scene of the robbery. Furthermore, under Oklahoma law, Petitioner's escape attempt was a continuation of the commission of the robbery and did not end his involvement in the robbery. After applying the evidence produced at Petitioner's trial to the elements of felony murder as defined by the Oklahoma legislature and courts, this Court concludes that there was constitutionally sufficient evidence from which a rational jury could have found Petitioner guilty of first degree felony murder in the death of his accomplice, Charles Turner. Jackson, 443 U.S. at 319.

The Court finds the adjudication of Petitioner's ground one claim by the OCCA was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Further, the adjudication of this claim did not involve an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(2). Petitioner is not entitled to relief on this claim.

**2.   Holding Petitioner liable for the death of his accomplice violates due process and the Sixth Amendment (grounds 2 and 5)**

As his second and fifth propositions of error, Petitioner argues that because his accomplice, Charles Turner, died as a result of his own criminal actions, i.e., firing shots at police officers, Petitioner's conviction of felony murder violates due process and the Sixth Amendment. He contends that his conduct as an accomplice in the robbery lacks a causal connection to the shooting of Turner, and that Oklahoma's felony murder statute fails to provide adequate notice of what conduct is forbidden. The OCCA rejected these claims on direct appeal, finding that:

> the clear language of the felony murder statute contemplates co-defendant culpability for the killing of another co-defendant by police as he is in the act of attempting an escape. *See Kinchion v. State*, 2003 OK CR 28, 81 P.3d 681, 684. Furthermore,

> such a reading of the statute does not offend constitutional principles as alleged by Appellant. *Id.*

(Dkt. # 10, Ex. 3).

Petitioner's burden in this habeas corpus action is to demonstrate that the OCCA's resolution of these grounds was an unreasonable application of Supreme Court law or was based on an unreasonable determination of the facts. He has not met this burden. The Federal Constitution does not prohibit states from enacting felony murder statutes. See Lockett v. Ohio, 438 U.S. 586, 597 (1978) (rejecting due process challenge because the construction given to an Ohio felony murder statute by Ohio court was consistent with prior Ohio law and with legislative history of a statute). Petitioner was charged and convicted under the felony murder statute enacted by the Oklahoma legislature. Felony murder in Oklahoma is a crime of general intent. Brown v. Sirmons, 515 F.3d 1072, 1088 (10th Cir. 2008) (citing Pickens v. State, 19 P.3d 866, 879 (Okla. Crim. App. 2001)). Proof of the underlying felony is all that is needed to prove the intent necessary for a felony murder conviction. Freeman v. State, 876 P.2d 283, 287 (Okla. Crim. App. 1994). In 2003, the OCCA reiterated its "long-standing interpretation of the felony-murder doctrine" originally stated in Hatch v. State, 662 P.2d 1377 (Okla. Crim. App. 1983), finding:

> The legislature's definition of murder in 701.7(B) is a reflection of the policy that one who, by his willful criminal conduct, sets in motion a chain of events so perilous to the sanctity of human life that death results therefrom; must bear the ultimate responsibility for his actions. We agree with the legislature that murders effected in such a manner are as abhorrent as those, which are premeditated. Proscribing such actions under our first-degree murder statutes performs the rational function of deterring the commission of felonies so inherently dangerous as to create foreseeable risks of death.

Kinchion v. State, 81 P.3d 681, 684 (Okla. Crim. App. 2003) (quoting Hatch, 662 P.2d at 1384). In this case, the OCCA specifically found that the statute was properly applied to Petitioner's crime. Petitioner is not entitled to habeas corpus relief on the claims asserted in grounds two and five.

### 3. Jury instruction error (ground 3)

In his third ground for relief, Petitioner maintains that the trial court erred by giving an improper jury instruction on the law of first degree felony murder. He asserts that the jury instruction providing the elements of felony murder did not accurately recite the elements of Okla. Stat. tit. 21, § 701.7(B), because it instructed the jury that the death need only result from an "event" which occurred during the robbery, see Dkt. # 1, and it did not reflect the 1996 amendment to the felony murder statute, see Dkt. # 10, Ex. A. Trial counsel did not object to the instruction. Reviewing the claim for plain error only, the OCCA found no plain error. Respondent asserts that because the OCCA's rejection of this claim on direct appeal is not contrary to Supreme Court precedent, § 2254(d) prevents the granting of federal habeas relief on this issue. The Court agrees.

The OCCA specifically found that the instruction challenged by Petitioner "properly followed 21 O.S. 2001, § 701.7(B)." See Dkt. # 10, Ex. 3. A state court's interpretation of a state statute "is a matter of state law binding on this court." Parker v. Scott, 394 F.3d 1302, 1319 (10th Cir. 2005) (quoting Chapman v. LeMaster, 302 F.3d 1189, 1196 (10th Cir. 2002)). This Court will not set aside a state conviction on habeas corpus review on the basis of erroneous jury instructions "unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990). In determining whether a jury instruction has rendered a trial fundamentally unfair, the question is whether the challenged instruction "so infected the trial that the resulting conviction violates due

process." Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997). Because the OCCA determined that the felony murder instruction given to Petitioner's jury, see Dkt. # 12, O.R. at 381, Instruction No. 21, complied with state law, this Court is bound by the OCCA's interpretation of the Oklahoma law. Parker, 394 F.3d at 1319. Petitioner has not met his burden in ground three of demonstrating that his trial was rendered fundamentally unfair by the instruction. The OCCA's ruling on this issue was not an unreasonable application of Supreme Court law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on his ground three claim.

### 4. Ineffective assistance of counsel (ground 4)

As his fourth ground for relief, Petitioner contends that he was deprived of the effective assistance of counsel because his attorney did not object to the trial court's failure to give OUJI-CR(2d) 4-60, failed to object to the prosecution's misstatement of the law during closing argument, failed to call witnesses at trial, and gave a short closing argument. See Dkt. # 1. On direct appeal, the OCCA cited Strickland v. Washington, 466 U.S. 668, 689 (1984), and found that "Appellant was not denied effective assistance of counsel."

Petitioner is entitled to federal habeas relief only if the OCCA's adjudication of the claim of ineffective assistance of counsel is contrary to or an unreasonable application of Strickland. Under this standard, Petitioner must show not only that the OCCA's application of Strickland was erroneous, but that it was objectively unreasonable. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that his counsel's performance was deficient and prejudiced his defense. Strickland, 466 U.S. at 688.

11

Petitioner has failed to make the necessary showing. First, counsel did not perform deficiently in failing to object to the trial court's failure to issue OUJI-CR(2d) 4-60, a homicide instruction addressing causation.[2] Under Oklahoma law, there must be a nexus between the underlying felony and the death of the victim in order for the felony-murder doctrine to apply. Malaske v. State, 89 P.3d 1116, 1118 (Okla. Crim. App. 2004) (citing Lampkin v. State, 808 P.2d 694, 695 (Okla. Crim. App. 1991); Diaz v. State, 728 P.2d 503, 509 (Okla. Crim. App. 1986); Irvin v. State, 617 P.2d 588, 597 (Okla. Crim. App. 1980)). In this case, the jury instruction providing the elements of first degree felony murder, see Dkt. # 12, O.R. at 381, Instruction No. 21, included language adequate to address the required nexus. The instructions as a whole were adequate. Defense counsel did not perform deficiently in failing to object to the absence of a separate causation instruction.

Next, Petitioner complains that his attorney failed to object to "the prosecution's misstatements of the law in the closing arguments." However, he completely fails to identify the alleged misstatements of the law. To the extent Petitioner intends to argue the same claim he raised on direct appeal, he has failed to demonstrate that the OCCA's rejection of the claim was an unreasonable application of Strickland. The claim raised on direct appeal related to the prosecutor's comments concerning the jury instructions on felony murder and commission of a robbery. The

---

[2] The omitted instruction reads as follows:

> No person may be convicted of murder in the first degree unless his conduct caused the death of the person allegedly killed. A death is caused by the conduct if the conduct is a substantial factor in bringing about the death and the conduct is dangerous and threatens or destroys life.

OUJI-CR(2d) 4-60.

12

Court has reviewed the instructions, as discussed above, and determined that when viewed as a whole they accurately reflected Oklahoma law. The jury was specifically instructed that the arguments of counsel were not evidence in the case. See Dkt. # 12, O.R. at 386, Instruction No. 26. Jurors are presumed to follow the court's written instructions. Crawley v. Dinwiddie, 533 F.3d 1226, 1228 n.2 (10th Cir. 2008). Therefore, even if the prosecutor's comments were misstatements of the law, counsel did not perform deficiently in failing to object to the comments.

Lastly, Petitioner complains that his attorney failed to call any witnesses and made only a short closing argument. It does not appear that these instances of ineffective assistance of counsel were raised on direct appeal. As a result, these claims are unexhausted. Nonetheless, pursuant to 28 U.S.C. § 2254(b)(2), the Court finds habeas corpus relief shall be denied. Petitioner has failed to identify any witness who should have been called or to identify any argument omitted by counsel during closing argument. He does not provide any further discussion beyond his conclusory statements. This Court will not craft Petitioner's legal theories for him. His conclusory allegations are insufficient to convince this Court that a constitutional violation occurred.

Petitioner has failed to demonstrate that the OCCA's adjudication of the claim of ineffective assistance of counsel is contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). His request for habeas corpus relief on his claim of ineffective assistance of trial counsel shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment shall be entered in this matter.

**DATED** this 24th day of September, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE